IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| L.C. GILLS, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:19-cv-01076-STA-jay |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

ORDER DIRECTING RESPONDENT TO FILE SUPPLEMENTAL AFFIDAVIT

Petitioner L.C. Gills, Jr., filed a verified *pro se* motion to vacate, set aside, or correct his sentence (the "Petition"), pursuant to 28 U.S.C. § 2255.[1] (ECF No. 1.) Respondent United States of America submitted an Answer to the Petition and an affidavit from Petitioner's former defense counsel, Mark Donahoe. (ECF No. 7 & 7-1.) Gills filed a reply. (ECF No. 9.) For the following reasons, Respondent is **DIRECTED** to file a supplemental affidavit.

On January 8, 2018, Gills pleaded guilty before the undersigned to aiding and abetting the trafficking in cocaine, cocaine base, and marijuana. (*United States v. Gills*, No. 1:17-cr-10004-STA-6, ECF No. 481.) Gills also waived his right to appeal his sentence, except in three narrow instances. (*Id.*, ECF No. 482.) On April 30, 2018, the undersigned imposed a sentence of 151 months' incarceration and three years of supervised release. (*Id.*, ECF No. 542.) Throughout his

---

[1] "A verified motion to vacate has the same force and effect as an affidavit." *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992).

criminal proceeding, Petitioner was represented by attorney Donahoe. Petitioner did not take a direct appeal.

Gills filed the Petition on April 19, 2019. He presents five grounds for relief, the first of which asserts the following:

> Ineffective Assistance of Counsel denying due process. Appointed counsel did not file a direct appeal. Movant asked about an appeal. Counsel told defendant no appeal could be filed because of the plea agreement's waiver. Counsel denied the process at all. Counsel's bad advice impaired and denied due process by not filing a Notice of Appeal. Counsel's conduct must comport with basic due process requirements.

(ECF No. 1 at 4.)

Liberally construed, the claim is two-fold. First, counsel rendered ineffective assistance by failing to file a direct appeal after Petitioner "asked about an appeal." (Claim 1A.) Second, counsel was ineffective when he gave Petitioner the "bad advice" that "no appeal could be filed" due to the appeal waiver. (Claim 1B.) The alleged consequence in both instances is that Petitioner was "denied the [appeal] process at all." *See Garza v. Idaho*, 139 S. Ct. 738, 747 (2019) (citation and internal quotation marks omitted) ("[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal, with no need for a further showing of his claims' merit, regardless of whether the defendant has signed an appeal waiver.").

In his affidavit, counsel responds to Claim 1 as follows:

> Mr. Gills claims that I was ineffective for not filing an appeal. He never asked me to appeal his sentence. Also, Mr. Gills' plea agreement with the Government included an appeal waiver, and any appeal of his sentence would have been a futile effort. He received a sentence below the statutory maximum, at the low end of the guidelines, and the Government did not appeal.

(ECF No. 7-1 at 1.)

Counsel's averment that Petitioner never asked him to appeal is relevant to Claim 1A.  *See Regalado v. United States*, 334 F.3d 520, 526 (6th Cir. 2003) (counsel is not ineffective for failing to file an appeal if the defendant did not give "express instruction to file" one).  Counsel does not, however, address Claim 1B.  More to the point, counsel's affidavit is silent regarding--and therefore fails to counter--Petitioner's allegation that counsel advised him that "no appeal could be filed because of the plea agreement's waiver." [2]  Indeed, there is nothing in counsel's affidavit to suggest that he even had a conversation with Petitioner about an appeal.[3]

A limited expansion of the record is therefore warranted.  *See Rules Governing Section 2255 Proceedings for the United States District Courts*, Rule 7(a) (a court "may direct the parties to expand the record").  Respondent is **DIRECTED** to submit, within twenty-one days of entry of this order, a supplemental affidavit from counsel addressing the allegations relating to Claim 1B (*i.e.*, whether counsel and Petitioner had a conversation about an appeal and, if yes, what advice counsel offered).  Upon review of the supplemental affidavit the Court will determine if an evidentiary hearing is required.

**IT IS SO ORDERED**.

                                                              s/ S. Thomas Anderson
                                                              S. THOMAS ANDERSON
                                                              CHIEF UNITED STATES DISTRICT JUDGE

                                                              Date: July 6, 2022

---

[2] As a legal matter, it is not true that no appeal could have been filed.  Gills, or counsel on his behalf, was not prohibited from filing a notice of appeal, which is "a purely ministerial task[.]" *Garza*, 139 S. Ct. at 740 (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 474 (2000)).  As for the substance of an appeal, Petitioner could have sought to "attack[] the validity of the plea agreement or the appeal waiver itself."  *Pettway v. United States*, No. 20-1997, 2021 WL 5288990, at *2 (6th Cir. Apr. 8, 2021) (unpublished), *cert. denied*, 142 S. Ct. 511 (2021); *see also Garza*, 139 S. Ct. at 745 ("[W]hile signing an appeal waiver means giving up some, many, or even most appellate claims, some claims nevertheless remain.").

[3] It may be that counsel did not address Claim 1B because he did not understand the Petition to also be challenging his *advice* at the appeal stage.